UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 25-CR-60-REW-MAS

UNITED STATES OF AMERICA                                     PLAINTIFF

V.                        **PLEA AGREEMENT**

TIMOTHY RAY DALE                                             DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The United States will dismiss the remaining counts at the time of sentencing. The Defendant also agrees to forfeit the items in the Forfeiture Allegation.

2. The essential elements of 18 U.S.C. § 2251(a) are:

> (a) The Defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

> (b) The Defendant knew or had reason to know that such visual depiction would be transported or transmitted using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts. The Defendant acknowledges that the facts admitted under this paragraph are not all of the facts that the Government would prove at trial.

(a) On October 30, 2023, Witness 1 arrived at Paris Police Department ("PPD") to report child sexual abuse material ("CSAM") on an electronic device belonging to the Defendant. Witness 1 arrived at PPD with the Defendant's phone.

(b) Witness 1 reported the following.

➢ The Defendant allowed Witness 1 to borrow his phone. Witness 1 wanted to use the Defendant's phone so that she could log into her Facebook page and post a picture.

➢ While attempting to post a picture, Witness 1 accessed the pictures folder on the phone [also known as "camera roll" or "gallery"] from Facebook and saw "a very young girl naked." This image caused Witness 1 to navigate away from Facebook to the phone's "home screen" and then directly to the photo gallery. In the photo gallery, Witness 1 saw more thumbnails depicting minors either naked or engaged in sexual activity, including a video of a "man rubbing his junk on a small child's V."

➢ Witness 1 could not see the face of the adult male in the video.

➢ Witness 1 then took the phone, "walked straight to the police station[,] and showed the phone to the police."

➢ Witness 1 described the visual depictions that she saw to a PPD officer. Witness 1 believed the female child in the sexually explicit visual depictions to be approximately one to two years old.

(c) Law enforcement later performed a search of the device, which revealed multiple sexually explicit visual depictions with two young children, later identified as children that the Defendant routinely babysat: four-year-old female, Victim 1 (born in Summer 2019), and two-year-old male, Victim 2

2

(born in Spring 2021).

(d) The forensic extraction of the Defendant's phone contains more than fifty sexually explicit visual depictions of Victim 1 and Victim 2, including nearly fifty videos. Victim 1 and Victim 2 are depicted together in some of the sexually explicit visual depictions. The visual depictions appear to have been captured between September 30, 2023, and October 29, 2023.

(e) One of the videos with Victim 1 and Victim 2 shows the Defendant's face and contains his voice. Another video taken by one of the children shows the Defendant's fully nude body. These depictions of the Defendant allow for identification of his voice, penis, or hand in other visual depictions (in addition to Defendant's admission that he abused the children and captured the visual depictions).

(f) The videos include depictions of the Defendant rubbing his penis on Victim 1's vulva and the Defendant penetrating Victim 1's vagina, both in the presence of Victim 2. The videos also included a depiction of Victim 1 performing oral sex on Victim 2.

(g) After being advised of his Miranda rights by PPD, the Defendant agreed to an interview and admitted ownership of the phone. He also confirmed that Witness 1 borrowed the phone and then took it. The Defendant admitted that he took all of the sexually explicit photos and videos of Victim 1 and Victim 2 that were located on the phone. He further admitted penetrating Victim 1's vagina with the tip of his penis. The Defendant claimed that the abuse of Victim 1 and Victim 2 only occurred when he was high on methamphetamine, noting that the drug causes him to be sexually attracted to children.

(h) The Defendant admits that, on two or more occasions, he used a minor under the age of twelve, including an infant or toddler, to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct and did so in Bourbon County in the Eastern District of Kentucky. The Defendant admits that the aforementioned visual depictions contained depictions of penetrative sex acts on Victim 1. The Defendant further admits that Victim 1 was in his custody or supervisory control when he produced sexually explicit visual depictions of her. Finally, the Defendant admits that he knew or had reason to know that the visual depictions were produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce, namely his cell phone.

4. The statutory punishment for the offense is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A(a)(3), an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1). Also, mandatory restitution under 18 U.S.C. § 2259 may be applied.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) Manual in effect at the time of sentencing will determine the Defendant's guideline range. The November 1, 2025, Manual guideline calculations are listed below.

(b) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

4

(c) Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), increase the offense level by 4 levels because the offense involved a minor under the age of twelve.

(d) Pursuant to U.S.S.G. § 2G2.1 (b)(2)(A), increase the offense level by 2 levels because the offense involved a sexual act or sexual contact.

(e) Pursuant to U.S.S.G. §2G2.1(b)(4), increase the offense level by 4 levels because the offense involved sadistic or masochistic conduct and/or the sexual abuse of an infant or toddler.

(f) Pursuant to U.S.S.G. §2G2.1(b)(5), increase the offense level by 2 levels because the minor was in the custody, care, or supervisory control of the defendant.

(g) Based on the factual basis above, and pursuant to U.S.S.G. §1B1.2(c), a pseudo count should be created for Count 2, relating to Victim 2. The base offense level for that psedudo count should be the same as the base offense level for Count 1. Because the offense of conviction and pseudo count involve different victims and different harms, the offenses should not group under U.S.S.G. § 3D1.2, requiring an adjustment for multiple counts. Pursuant to U.S.S.G. § 3D1.4, one unit is assigned to the group with the highest offense level and one additional unit is assigned for each group that is equally serious or from one to four levels less serious, resulting in two units.

(g) Pursuant to U.S.S.G. § 4B1.5(b), increase the offense level by 5 levels because the offense of conviction is a covered sex crime; neither §4B1.1 nor §4B1.5(a) applies; and the defendant engaged in a pattern of activity involving prohibited sexual conduct.

(h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(i) Pursuant to U.S.S.G. § 5G1.1(a), if the statutorily authorized maximum sentence of thirty years is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence of thirty years shall be the guideline sentence.

5

judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

9. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the

7

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4. The United States and the Defendant do not believe that the Defendant allowing Witness 1 to borrow his phone consistutes distribution under U.S.S.G. § 2G2.(b)(3), but the parties understand that the United States Probation Office may disagree.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant also waives the right to appeal any sentence that does not exceed the advisory guideline range of imprisonment as determined by the United States Probation Office. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or

Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional

8

level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant agrees to pay restitution in the amount and to the victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant specifically agrees to pay restitution equal to the loss caused to the victim(s) of the offense of conviction and any victim of the Defendant's relevant conduct—including victims depicted in child sexual abuse material that the Defendant produced, received, or possessed. The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

12. The Defendant agrees all victims of relevant conduct, not just victims of the offense of conviction, will have the right to allocution at the time of sentencing.

13. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant

9

understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, information relating to intended foreign travel, or other relevant information. *See* 34 U.S.C. 20914(a) & (c). The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt

10

Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 12/9/25    By: *(signature)*
Mary Melton
Assistant United States Attorney

Date: 11/30/25    *(signature)*
Timothy Ray Dale
Defendant

Date: 11/30/25    *(signature)*
Pam Ledgewood
Attorney for Defendant

12